IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-cv-783-FDW-DCK

| | |
|---|---|
| JAMESON C., a minor, by next friend STEVEN BOLCH; SARA M., LEAH M., HARRY M., minors by next friend KARI DANFORTH; MEGAN S. and CHLOE S., minors, by next friend DARIA BARAZANDEH; ANNIE W., JUSTIN B., MORGAN G., minors, by next friend VERONIKA MONTELEONE, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ROY COOPER, in his official capacity as the Governor of North Carolina, NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, KODY KINSLEY, in his official capacity as the Secretary of the North Carolina Department of Health and Human Services, SUSAN OSBORNE, in her official capacity as Assistant Secretary of County Operations of the Division of Social Services, MARK PAYNE, as the Director of the Division of Health Service Regulation, MECKLENBURG COUNTY, MECKLENBURY COUNTY DEPARTMENT OF SOCIAL SERVICES-YOUTH AND FAMILY SERVICES, GASTON COUNTY, and GASTON COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>               Defendants. | **ANSWER OF DEFENDANTS GASTON COUNTY AND GASTON COUNTY DEPARTMENT OF SOCIAL SERVICES** |

Defendants Gaston County and Gaston County Department of Social Services[1] ("hereinafter Gaston County Defendants"), responding to the specifically numbered paragraphs of Plaintiffs' Complaint, allege and say:

1.     Paragraph 1 of the Complaint is not a statement of fact, and is instead, a political statement made by the Plaintiffs. Therefore, no response on their part is required on behalf of the Gaston County Defendants. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

2.     With regard to the allegations of paragraph 2 of the Complaint, the Gaston County Defendants admit that foster care in the State of North Carolina is provided pursuant to a statutory structure enacted by the North Carolina General Assembly. Various departments of the executive branch of the State of North Carolina share responsibility for the foster care system with various portions of county governments.  To the extent the allegations of paragraph 2 are directed towards the Gaston County Defendants, they are denied. With regard to the remaining allegations of paragraph 2 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

3.     The allegations of paragraph 3 of the Complaint are denied.

4.     With regard to the allegations of paragraph 4 of the Complaint, those allegations appear to be an attempt to quote Secretary Kody Kinsley's statements but

---

[1] The correct title is the Gaston County Department of Health & Human Services, Division of Social Services.

there is no reference to where the statements were given or when and, therefore, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

5.      Paragraph 5 of the Complaint appears to attempt to quote a statement made by someone affiliated with the North Carolina Department of Human Health and Services but does not provide the time, date or context of the quote. Therefore, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

6.      Paragraph 6 of the Complaint appears to reference a statement made by Secretary Kinsley but does not provide the date, context or time of the statement. Therefore, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

7-8.      Paragraphs 7-8 of the Complaint is not a statement of fact, and instead, are a statement of the claims which are allegedly being made by the lead class Plaintiffs. Therefore, no response on their part is required on behalf of the Gaston County Defendants. To the extent a response is required, Jameson C. is a legal resident of North Carolina. The Gaston County Defendants admit that Jameson C. is currently receiving foster care services through the Gaston County Dept. of Health & Human Services, Division of Social Services (hereinafter "Gaston DHHS") at his placement in Florida. Except as herein admitted, the Gaston County Defendants lack sufficient information on a Statewide basis to admit or deny said allegations and said allegations are, therefore, denied.

3

9-10.  The allegations of paragraphs 9-10 of the Complaint are denied.  Because Steven Bolch lacks standing to bring claims on behalf of Jameson C., this Court lacks subject matter jurisdiction over the claims asserted on behalf of Jameson C.

11.  With regard to the allegations of paragraph 11 of the Complaint, the Gaston County Defendants admit that Mr. Bolch was formerly a foster care parent providing care to a young boy in the care of the Gaston DHHS  and in the foster care system.  While Mr. Bolch was a foster care parent for Jameson C, Mr. Bolch and his spouse asked that the child be removed from their house and placed in a different foster care setting, which was done.  Except as herein admitted, denied.

12.  With regard to the allegations of paragraph 12 of the Complaint, the minor plaintiff, Jameson C., was placed in foster care with the Bolch family on June 10, 2021.  Jameson C. was alleged to have been found to be neglected by his natural parents. When the Gaston DHHS initially became involved with the family, Jameson C. and his sibling were not immediately removed from their parents' custody, but the parents were permitted to put safety plans in place in an attempt to address the issues of neglect as required by statute. Jameson C.'s natural parents were unable to make progress and ultimately Jameson C. and his sibling were placed in foster care.  Jameson C. was found to be a neglected and dependent child. The allegations of sexual, physical and emotional abuse were based upon uncorroborated hearsay and were not findings of the General Court of Justice, District Court Division, Gaston County.  Except as herein admitted, denied.

13.     With regard to the allegations of paragraph 13 of the Complaint, Gaston DHHS immediately began placing Jameson C. in suitable foster home environments. He was placed in a number of different placements based upon his needs and the agreement of the foster parents. Except as herein admitted, denied.

14.     With regard to the allegations of paragraph 14 of the Complaint, the medical records regarding Jameson C.'s various diagnoses speak for themselves. However, the allegation that Jameson C. did not receive therapeutic care during his stay in foster care is specifically denied. Jameson C. began to receive therapeutic care as early as July 2020, only one month after he entered foster care. There were immediate attempts to provide him with necessary therapy.  Except as herein admitted, denied.

15.     With regard to the allegations of paragraph 15 of the Complaint, those allegations reflect a misunderstanding of the role of a foster parent. Foster parents are not authorized under the law to secure mental health therapy services. *See,* N.C.G.S. § 7B-501.1.  With regard to the remaining allegations of paragraph 15 of the Complaint, as stated previously, the Gaston DHHS began immediately attempting to provide Jameson C. with necessary medical and mental health care as reflected in his medical records, which speak for themselves. Except as herein admitted, denied.

16.     With regard to the allegations of paragraph 16 of the Complaint, natural parents maintain the right under the law to consent, or decline to consent, to medical and mental health care. The records regarding Jameson C.'s medical and foster care speak for themselves regarding the various treatments and therapies he received, and his natural parents' permission, or not, to receive that care. Further, during Court hearings the

District Court of Gaston County made clear that the COVID vaccine would only be ordered if necessary to save the life of a child. Examples of such a situation would be where the child had pre-existing medical condition such that contracting the COVID virus was potentially lethal. Jameson C. was not one of the children for whom that situation existed and therefore, his natural parents had the right to decide whether they would allow him to receive the COVID vaccine. *See*, N.C.G.S. § 7B-501.1. Except as herein admitted, denied.

17.    With regard to the allegations of paragraph 17 of the Complaint, natural parents must be allowed visitation under North Carolina law. Visitation can only be suspended or ceased by the Court based upon substantial evidence that the visitation is detrimental to the child. *See*, N.C.G.S. § 7B-905.1. Visits with Jameson C.'s natural parents were eventually suspended due to a recommendation by one of his therapists, which occurred on May 31, 2022. That same therapist recommended resuming visitation on July 18, 2022 in a therapeutic setting. Jameson C.'s record is replete with references to the very strong bond the child has with his natural parents, in particular his father. Except as herein admitted, denied.

18.    The allegations of paragraph 18 of the Complaint are denied.

19.    With regard to the allegations of paragraph 19 of the Complaint, the Bolch family only expressed an interest in adopting one of the two siblings. The Bolch's had Jameson C. in their care from June 10, 2021 through August 14, 2022. N.C.G.S. § 7B-505 and § 7B-903.1 require the Gaston DHHS to make reasonable efforts to place siblings together. The Foster Child Bill of Rights specifies, "First priority regarding

placement in a home with siblings." *See,* N.C.G.S. § 131D-10.1(a)(02). The United States Government's Mandate on Placement of Siblings states that "reasonable efforts shall be made to place siblings removed from their home in the same foster care, kinship, guardianship, or adoptive placement, unless the State documents that such a joint placement would be contrary to the safety or well-being of any of the siblings . . . ". 42 U.S.C. §671(a)(31). In this circumstance, the siblings were separated due to their therapeutic needs. The goal of the Gaston DHHS was, and remains, to stabilize the siblings and reunite them at some point. That may, or may not, be possible and both siblings continue to receive treatment. Except as herein admitted, denied.

20. In response to the allegations of paragraph 20 of the Complaint, Jameson C.'s behavior in foster care reflected his severe mental illnesses and developmental delay. These conditions caused Jameson C. to act in some of the ways alleged in the Complaint. Except as herein admitted, denied.

21. With regard to the allegations of paragraph 21 of the Complaint, the Gaston County Defendants expressly deny that Jameson C.'s case was not well managed. Except as herein admitted, denied.

22. With regard to the allegations of paragraph 22 of the Complaint, the treatment records for Jameson C. speak for themselves. The Gaston County Defendants further admit that the Bolch's made the decision, and communicated that decision in May 25, 2022, that they did not wish Jameson C. to remain in their home any further. At that point, the Gaston DHHS was obligated to seek a different foster care placement for Jameson C. and did so. Except as herein admitted, denied.

23.    The allegations of paragraph 23 of the Complaint are admitted.

24.    With regard to the allegations of paragraph 24 of the Complaint, the Gaston DHHS did indeed place Jameson C. with an experienced foster parent in Charlotte, North Carolina. The Gaston DHHS communicated with that foster parent in a reasonable and appropriate manner as it was required to do. With regard to Jameson C.'s medical care, the medical records speak for themselves. Jameson C. was seven years old during this window of time. Except as herein admitted, denied.

25.    With regard to the allegations of paragraph 25 of the Complaint, due to Jameson C.'s new placement, he required the establishment of a relationship with a new therapist. This chain of events was set in motion by the Bolch family asking that the child be removed from foster care in their home. The Gaston DHHS is limited to the resources available and cannot create placements where they do not exist. Except as herein admitted, denied.

26.    With regard to the allegations of paragraph 26 of the Complaint, the Gaston DHHS has not filed for, nor has it received, a termination of parental rights from the natural parents. The natural parents have made progress on their case plan and both siblings continue to be unstable and are receiving care. Jameson C. is currently in a special residential treatment program in Florida and has made progress. In order to terminate parental care, the Gaston DHHS would have to show:

        a.    That there are grounds to which termination of parental rights, which would be difficult since the natural parents have continued to show progress in their case; and

> b. It is in the children's best interest. That would be very difficult to do show since Jameson C. is very bonded to his sibling and his natural parents.

*See,* N.C.G.S. §7B-1110 and N.C.G.S. §7B-1111. Except as herein admitted, denied.

27.    With regard to the allegations of paragraph 27 of the Complaint, Jameson C. received multiple evaluations and received therapeutic foster care from the very beginning of his care. The therapists who treated Jameson C. were consulted and the Gaston DHHS followed the recommendations of the care providers to the fullest extent possible. Except as herein admitted, denied.

28-120.    The allegations of paragraphs 28-120 of the Complaint are directed towards defendants other than these answering defendants and require no response on their part. To the extent that a response is required, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 28-120 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

121.    With regard to the allegations of paragraph 121 of the Complaint, the Gaston County Defendants admit that Defendant Governor Roy Cooper is the duly elected Governor of the State of North Carolina. Governor Cooper is the head of the Executive Branch of the state government and has an obligation to follow the laws of the State of North Carolina. He further makes a recommendation to the general assembly for the State of North Carolina for the appointment of the Secretary of the Department of Health and Human Services, who is a cabinet officer. Except as herein admitted, denied.

122.    With regard to the allegations of paragraph 122 of the Complaint, the North Carolina Department of Health and Human Services is a department within the executive

branch of the government of the State of North Carolina and has various statutory obligations. Those obligations include some role in the foster care setting. Except as herein admitted, denied.

123.   With regard to the allegations of paragraph 123 of the Complaint, the Gaston County Defendants admit that Defendant Secretary Kinsley is the Secretary of the North Carolina Department of Health and Human Services and has allegedly been sued in his official capacity. Secretary Kinsley has duties placed upon him by the laws of the State of North Carolina. Except as herein admitted, denied.

124.   With regard to the allegations of paragraph 124 of the Complaint, the Gaston County Defendants admit that Defendant Osborne is the Assistant Secretary of County Operations for North Carolina Department of Social Services, a subdivision within the North Carolina Department of Social Services, which is responsible for a number of things, including some responsibilities within the foster care system. The North Carolina Department of Health and Human Services and Department of Social Services have statutory obligations set by the North Carolina General Assembly. The North Carolina Department of Health and Human Services and Department of Social Services also have a duty to comply with the laws of the State of North Carolina and the United States of America. Except as herein admitted, denied.

125.   With regard to the allegations of paragraph 125 of the Complaint, the Gaston County Defendants admit that Defendant Payne is the Director of the Division of Health Service Regulation, a subdivision of the North Carolina Department of Health and Human Services and has been sued in his official capacity. The North Carolina Division

of Health Service Regulation and the North Carolina Department of Health and Human Services have such duties as have been placed upon them by the laws of the State of North Carolina and the United States of America. Except as herein admitted, denied.

126.   With regard to the allegations of paragraph 126 of the Complaint, the Gaston County Defendants admit that the Gaston County Department of Health and Human Services is an agency authorized and created under statutes enacted by the North Carolina General Assembly. Mr. Eaton is the Director of the Gaston County Department of Health and Human Services. The Gaston County Department of Health and Human Services, and Mr. Eaton, have such duties as are placed upon them by the laws of the State of North Carolina and the United States of America. Except as herein admitted, denied.

127.   With regard to the allegations of paragraph 127 of the Complaint, Gaston County Defendants admit that Defendant Mecklenburg County DFAS is created and authorized under North Carolina law.  With regard to the operations of the Mecklenburg County DFAS, the Gaston County Defendants lack sufficient information to admit or deny said allegations and said allegations are, therefore, denied.

128.   With regard to the allegations of paragraph 128 of the Complaint, Gaston County Defendants admit that the Plaintiffs are claiming that this lawsuit is a class action under Rule 23 of the Federal Rules of Civil Procedure. Except as herein admitted, denied.

129.   With regard to the allegations of paragraph 129 of the Complaint, the Gaston County Defendants admit that Plaintiffs claim that the action consists of one general class and one subclass. Except as herein admitted, denied.

130-140. With regard to the allegations of paragraphs 130-140 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 130-140 of the Complaint and said allegations are, therefore, denied.

141-142. The allegations of paragraphs 141-142 of the Complaint are denied.

143.   With regard to the allegations of paragraph 143 of the Complaint, the Gaston County Defendants admit that the General Assembly of North Carolina has created a foster care system involving the North Carolina Department of Health and Human Services and county departments of social services. All these entities have such duties as are placed upon them by the laws of the State of North Carolina. Except as herein admitted, denied.

144.   With regard to the allegations of paragraph 144 of the Compliant, the Gaston County Defendants admit that paragraph 144 selectively quotes certain portions of the regulatory structure governing the North Carolina Department of Health and Human Services. Except as herein admitted, denied.

145.   The allegations of paragraph 145 of the Complaint are admitted.

146.   With regard to the allegations of paragraph 146 of the Complaint, the Gaston County Defendants admit that the statutory structure created by the North Carolina General Assembly divides responsibility for the foster care system between the North Carolina Department of Health and Human Services and various county agencies. Paragraph 146 of the Complaint selectively quotes certain portions of that regulatory structure. Except as herein admitted, denied.

147.    With regard to the allegations of paragraph 147 of the Complaint, the Gaston County Defendants admit that the North Carolina Department of Health and Human Services, various county Departments of Social Services, and local management entity/managed care organizations are part of the statutory system created by the North Carolina General Assembly related to the foster care of children. Paragraph 147 of the Complaint selectively quotes certain portions of that regulatory structure. Except as herein admitted, denied.

148.    With regard to the allegations of paragraph 148 of the Complaint, the Gaston County Defendants admit that various counties' departments of social services have such duties as are placed upon them by the laws of the State of North Carolina. Those laws were created by the General Assembly and are partially quoted in paragraph 148. Except as herein admitted, denied.

149.    The allegations of paragraph 149 of the Complaint are denied.

150.    With regard to the allegations of paragraph 150 of the Complaint, the Gaston County Defendants admit that county Departments of Social Services have certain responsibilities under the statutory structure created by the North Carolina General Assembly. Paragraph 150 of the Complaint selectively quotes certain portions of that structure. Except as herein admitted, denied.

151.    The allegations of paragraph 151 of the Complaint mischaracterize the foster care system in the State of North Carolina. Except as herein admitted, denied.

152.    The allegations of paragraph 152 of the Complaint are denied.

153.    With regard to the allegations of paragraph 153 of the Complaint, the Gaston County Defendants continuously attempt to recruit and retain foster care families for the placement of children and have done so for many years. With regard to the remaining allegations of paragraph 153 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

154-157. With regard to the allegations of paragraphs 154-157 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 154-157 on a Statewide basis and said allegations are, therefore, denied.

158.    With regard to the allegations of paragraph 158 of the Complaint, the Gaston County Defendants admit that the population of the State of North Carolina has grown significantly in the past decade and, therefore, the number of children needing to be placed in foster care has also grown. With regard to the specific numbers quoted in paragraph 158 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

159-161. With regard to the allegations of paragraphs 159-161 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 159-161 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

162.    With regard to the allegations of paragraph 162 of the Complaint, Gaston County Defendants deny those allegations to the extent they are directed towards them. To the extent those allegations are directed towards other defendants, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraph 162 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

163.    With regard to the allegations of paragraph 163 of the Complaint, the allegations appear to selectively quote certain portions of language from the North Carolina Department of Health and Human Services. Except as herein admitted, denied.

164.    With regard to the allegations of paragraph 164 of the Complaint, the Gaston County Defendants deny those allegations to the extent that they are directed towards them. To the extent those allegations are directed towards other defendants, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraph 164 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

165.    With regard to the allegations of paragraph 165 of the Complaint, the Gaston County Defendants admit that the North Carolina Foster Parents' Bill of Rights is not an enforceable contract. Except as herein admitted, denied.

166.    With regard to the allegations of paragraph 166 of the Complaint, the Gaston County Defendants admit that there are various forms of foster care, including group homes. The structure for foster care in North Carolina was created by the North Carolina General Assembly. To the extent that the allegations of paragraph 166 of the Complaint are directed towards the Gaston County Defendants, they deny that the foster

care and therapeutic care provided by them or arranged by them in any way deviates from the applicable standard of care. With regard to the remaining allegations of paragraph 166 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

167.    The allegations of paragraph 167 of the Complaint are directed towards "North Carolina".    The Gaston County Defendants take those allegations as being directed towards the Defendants associated with the State Government of North Carolina and not the County Government of Gaston County and, therefore, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a Statewide basis and said allegations are, therefore, denied.

168.    With regard to the allegations of paragraph 168 of the Complaint, the Gason County Defendants admit that qualified case workers are very important to the administration of the foster care system created and enacted by the North Carolina General Assembly. The duties of the case workers are numerous. Except as herein admitted, denied.

169.    With regard to the allegations of paragraph 169 of the Complaint, the Gason County Defendants admit that case workers have such duties as were placed upon them by the laws of the State of North Carolina. The case workers employed by Gaston County carry out those duties to the best of their abilities. Except as herein admitted, denied.

170. With regard to the allegations of paragraph 170 of the Complaint, the Gaston County Defendants admit that the CWLA makes non-binding recommendations for foster care caseloads. Except as herein admitted, denied.

171. With regard to the allegations of paragraph 171 of the Complaint, the Gaston County Defendants admit that the provisions of 10A NCAC 70G.0501 speak for themselves. Those provisions are advisory and not mandatory. The Gaston County Defendants admit that the North Carolina Department of Health and Human Services does not mandate compliance with the advisory guidelines of 10A NCAC 70G.0501. Except as herein admitted, denied.

172-173. With regard to the allegations of paragraphs 172-173 of the Complaint, the Gaston County Defendants admit that the case workers they employ do their best to carry out their statutory duties. Except as herein admitted, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

174. The allegations of paragraph 174 of the Complaint are directed towards "North Carolina". The Gaston County Defendants take those allegations as being directed towards the Defendants associated with the State Government of North Carolina and not the County Government of Gaston County and, therefore, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

175-176. The allegations of paragraphs 175-176 of the Complaint are directed towards Defendants other than these answering Defendants and, therefore, no response on their part is required. The allegations of paragraphs 175-176 of the Complaint appear to be selective quotations from statements made by the State of North Carolina or the North Carolina Department of Health and Human Services. Those allegations are directed at other defendants than these answering defendants and, as such, require no response on their part. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

177-180. The allegations of paragraphs 177-180 of the Complaint are directed towards Defendants other than these answering Defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

181. With regard to the allegations of paragraph 181 of the Complaint, the Gaston County Defendants are continuously in the process of recruiting, hiring, and training employees to work in the foster care system. The remaining allegations of paragraph 181 are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny said allegations on a statewide basis and said allegations are, therefore, denied.

182. The allegations of paragraph 182 of the Complaint appear to be selective quotations from a report. Except as herein admitted, denied.

183. With regard to the allegations of paragraph 183 of the Complaint, the Gaston County Defendants continuously recruit, hire, and train case workers to work in the foster care system. The hiring process is partially governed by Gaston County and partially governed by the State of North Carolina. Except as herein admitted, denied.

184-185. With regard to the allegations of paragraphs 184-185 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny the allegations on a Statewide basis and said allegations are, therefore, denied.

186. The allegations of paragraph 186 of the Complaint are admitted.

187-189. With regard to the allegations of paragraphs 187-189 of the Complaint, the Gaston County Defendants lack sufficient information to admit or deny the allegations on a Statewide basis and said allegations are, therefore, denied.

190-195. The allegations of paragraphs 190-195 of the Complaint are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 190-196 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

196. The allegations of paragraph 196 of the Complaint are denied to the extent they are directed towards the Gaston County Defendants.

197. The allegations of paragraph 197 of the Complaint are neither a statement of fact nor a conclusion of law and are vague and unclear. Plaintiffs have not defined

what they mean by "reliable information". As a general statement, access to reliable information is helpful in the provision of services to foster children. Except as herein admitted, denied.

198.    The allegations of paragraph 198 of the Complaint are denied.

199-204.    The allegations of paragraphs 199-204 of the Complaint are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 199-204 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

205.    With regard to the allegations of paragraph 205 of the Complaint, they appear to be selective quotations from certain members of the North Carolina General Assembly. Except as herein admitted, denied.

206-227.    The allegations of paragraphs 206-227 of the Complaint are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 206-227 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

228.    The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-227 of the Complaint.

229.    With regard to the allegations of paragraph 229 of the Complaint, the Gaston County Defendants admit that the terms of the Fourteenth Amendment of the United States Constitution speak for themselves. The Gaston County Defendants further

admit that they had a duty to follow the laws of the State of North Carolina and the United States of America. Except as herein admitted, denied.

230.    The allegations of paragraph 230 of the Complaint are denied.

231.    The allegations of paragraph 231 of the Complaint are Plaintiffs' claims regarding what they allege are their due process rights under the Constitution of the United States of America. Except as herein admitted, denied.

232.    The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-231 of the Complaint.

233.    With regard to the allegations of paragraph 233 of the Complaint, the Gaston County Defendants admit that Jameson C. is a child in the custody of the DHHS and is in a foster care placement in the State of Florida.  With regard to the remaining allegations of paragraph 233, the Gaston County Defendants lack sufficient information to admit or deny the allegations and said allegations are, therefore, denied.

234-237. With regard to the allegations of paragraphs 234-237 of the Complaint, the Gaston County Defendants deny such allegations as are directed towards them. To the extent the allegations are directed towards other defendants, no response is required on the part of these answering defendants. Except as herein admitted, denied.

238.    The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-237 of the Complaint.

239-241. The allegations of paragraphs 239-241 of the Complaint are denied.

242.    The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-241 of the Complaint.

243. The allegations of paragraph 243 of the Complaint are admitted.

244. With regard to the allegations of paragraph 244 of the Complaint, the Gaston County Defendants admit that Jameson C. has suffers from mental illness and developmental disability. With regard to the other ADA Subclass Plaintiffs, the Gaston County Defendants lack sufficient information to admit or deny said allegations and said allegations are, therefore, denied.

245. With regard to the allegations of paragraph 245 of the Complaint, the Gaston County Defendants admit that the defendants in this case are either governmental officials or local government entities. The Gaston County Defendants further admit they receive funds from the Federal Government under Title IV. Except as herein admitted, denied.

246-248. With regard to the allegations of paragraphs 246-248 of the Complaint, the Gaston County Defendants admit that the statutes and regulatory provisions cited by the Plaintiffs speak for themselves. Except as herein admitted, denied.

249. The allegations of paragraph 249 of the Complaint are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the allegations of paragraph 249 are Plaintiffs' claims regarding their view of the obligations the North Carolina Department of Health and Human Services has under the terms of various federal and state statutes. Except as herein admitted, denied.

250. The allegations of paragraph 250 of the Complaint appear to be a selective quote of a portion of the Code of Federal Regulations. Except as herein admitted, denied.

251. The allegations of paragraph 251 of the Complaint appear to be a selective quote of certain portions of the Code of Federal Regulations and a citation to a decision of the United States Supreme Court. Except as herein admitted, denied.

252. The allegations of paragraph 252 of the Complaint are denied.

253. The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-252 of the Complaint.

254-265. The allegations of paragraphs 254-265 of the Complaint are directed towards defendants other than these answering defendants and, as such, no response on their part is required. To the extent a response is required, the Gaston County Defendants lack sufficient information to admit or deny the allegations of paragraphs 254-265 of the Complaint on a Statewide basis and said allegations are, therefore, denied.

266. With regard to the allegations of paragraph 266 of the Complaint, the Gaston County Defendants admit that the Gaston County Board of Commissioners has such duties as are placed upon them by the laws of the State of North Carolina. Except as herein admitted, denied.

267. The allegations of paragraph 267 of the Complaint are admitted.

268. With regard to the allegations of paragraph 268 of the Complaint, the Gaston County Defendants admit that the Director of the Gaston County Department of Social Services is a policy maker and has such duties as are placed upon the Director by the laws of the State of North Carolina and the Gaston County Board of Commissioners. Except as herein admitted, denied.

269. The allegations of paragraph 269 of the Complaint are admitted.

270-273. The allegations of paragraphs 270-273 of the Complaint are denied.

274.   The Gaston County Defendants re-allege and incorporate their responses to paragraphs 1-273 of the Complaint.

275.   The allegations of paragraph 275 of the Complaint are denied.

## SECOND DEFENSE

All of the allegations of the Complaint not expressly admitted herein, including the prayer for relief, are denied.

## THIRD DEFENSE

This Court should abstain from entering any orders that would interfere with the North Carolina state courts' proper jurisdiction over juvenile matters such as Jameson C's case.  This Court should also abstain from entering any orders that prevent the Gaston County Defendants from carrying out their duties as set by the North Carolina General Assembly.

## FOURTH DEFENSE

The Gaston County Defendants assert the defense of governmental immunity to the fullest extent allowed by law.

WHEREFORE, Defendants Gaston County and Gaston County Department of Social Services, pray the Court as follows:

1       That Plaintiffs have and recover nothing from them including the Court denying any injunctive relief;

2       That the Gaston County Defendants be dismissed from the case;

3       For a trial by jury on all issues so triable herein;

4     That the costs of this action, including the Gaston County Defendants' reasonable attorneys' fees as allowed by law, be taxed to the Plaintiffs; and

5     For such other and further relief at the Court deems just and proper.

This the 10th day of October, 2024.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:  /s/ *J. Matthew Little*

J. Matthew Little
N.C. State Bar No. 20032
Jacob H. Wellman
N.C. State Bar No. 28853
Daniel T. Strong
N.C. State Bar No. 49546
P.O. Box 19207
Raleigh, NC 27619-9207
Telephone:  (919) 873-0166
Facsimile:  (919) 873-1814
Email:    mlittle@teaguecampbell.com
        jwellman@teaguecampbell.com
        dstrong@teaguecampbell.com
*Attorney for Defendants Gaston County and Gaston County Department of Social Services*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ *J. Matthew Little*
          J. Matthew Little