IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:24-CV-783-FDW-DCK

| | |
|---|---|
| Jameson C., minor, by next friend STEVEN BOLCH; *et. al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ROY COOPER in his official capacity as the Governor of North Carolina, *et al.*,<br><br>　　　　　　　　　Defendants. | **RESPONSE IN OPPOSITION TO PRELIMINARY HEARING REQUESTS** |

Bottom Line Up Front

Each Defendant has asked that this Court hold a preliminary hearing on their Motions to Dismiss and toll discovery pending a decision on those motions. While Plaintiffs do not oppose oral argument on the Motions to Dismiss, they do oppose any delay in discovery. Defendants' jurisdictional arguments are thin and the immunity defense is essentially finger-pointing between the counties and state officials. None of Defendants' Rule 12(b)(1) or (2) arguments will dispose of this entire case, given that many claims would remain and Plaintiffs likely could cure the alleged defects. Therefore, this Court should not toll discovery.

ARGUMENT

This Court's Initial Scheduling Order notes that jurisdictional motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(2) warrant preliminary decisions prior to the commencement of discovery. (Initial Scheduling Order, III.c.i.). However, motions to dismiss for failure to state a claim or join a necessary party will not receive

such an automatic tolling of discovery. (ISO, III.c.ii.). Instead, a Defendant must request that relief. (*Id.*) Each Defendant requests that early decision and pause of discovery here. (*See* D.E. 48, 58, 59, 69).

Both county Defendants site to *Purvis v. Pitt Cnty. Sch.*, No. 4:12-CV-00054, 2013 WL 3778950, at *1 (E.D.N.C. July 18, 2013). But unlike our circumstance here, Magistrate Judge Webb was ruling upon a request for a protective order made pursuant to Rule 26(c) of the Rules of Civil Procedure in a case brought by a pro se plaintiff. Plaintiffs here certainly intend to respond in opposition to the Motions to Dismiss and not let the time run out for discovery planning.

Further the county Defendants basis for lack of subject matter jurisdiction relates to the status of the next friends of the Plaintiffs. These motions are certainly not suggesting that Plaintiffs have brought their civil rights action in the wrong court, but instead that the next friend may, for some reason, be improper. Plaintiffs will address why these concerns are meritless in their response to the Motions to Dismiss, but these defenses are not of the nature that would preclude discovery. For instance, the Amended Complaint states that Jameson C's next friend is a former foster parent who wanted to adopt him, (D.E. 37, ¶ 19), and for whom caseworkers followed up with on how to handle Jameson after Jameson left the next friend's home (*Id.* ¶ 24).

Even if Defendants hit the mark on noting that Plaintiffs failed to sufficiently allege standing, "[a] dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk*

*at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Should the Court find any merit to Defendants' standing arguments, Plaintiffs certainly intend to fix any issues and be ready proceed with new next friends; thus, the foreclosure of discovery is not cleanly on the table here.

The state Defendants argue that Plaintiffs have not adequately plead themselves into the *Ex Parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment Immunity, but that is in part based on a theory that the named directors are not responsible for enforcing constitutional requirements or federal law; that, the state Defendants argue, is the county Defendants' responsibility. The county Defendants, of course, note that the child welfare system is governed by the State. (*See, e.g.,* D.E. 47, pp.5-6). Thus, these are not purely legal issues, and discovery, not dismissal, will illuminate whether this finger pointing in the context of immunity has a real basis or not.

Plaintiffs understand that Defendants believe they are each not responsible for the status of the child welfare system as a whole and in each of their counties. Motions to Dismiss for failure to state a claim should certainly be deferred so that discovery can illuminate which among them has the responsibility to follow the law and affect the change that is necessary for these children in Defendants' care.

Respectfully submitted, this the 20th of December, 2024.

> */s/ Christopher J. Blake*
> Christopher J. Blake
> chris.blake@nelsonmullins.com
> N.C. State Bar No. 16433
> D. Martin Warf
> martin.warf@nelsonmullins.com
> N.C. State. Bar No. 32982

**NELSON MULLINS RILEY &**
**SCARBOROUGH, LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

Marcia Robinson Lowry (*admitted pro hac*)
mlowry@abetterchildhood.org
David Baloche (*pro hac vice forthcoming*)
dbaloche@abetterchildhood.org
Laura Welikson (*pro hac vice forthcoming*)
lwelikson@abetterchildhood.org
Robyn Goldberg (*pro hac vice forthcoming*)
rgoldberg@abetterchildhood.org
**A BETTER CHILDHOOD**
355 Lexington Avenue, Floor 16
New York, NY 10017
Telephone: (646) 795-4456
Facsimile: (212) 692-0415

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing document with the Court using the CM/ECF system, which will send notification of the filing via email to counsel of record.

This the 20th of December, 2024.

>*/s/ Christopher J. Blake*
>Christopher J. Blake
>chris.blake@nelsonmullins.com
>N.C. State Bar No. 16433
>D. Martin Warf
>martin.warf@nelsonmullins.com
>N.C. State. Bar No. 32982
>**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
>301 Hillsborough Street, Suite 1400
>Raleigh, NC 27603
>Telephone: (919) 329-3800
>Facsimile: (919) 329-3799
>
>Marcia Robinson Lowry (*admitted pro hac*)
>mlowry@abetterchildhood.org
>David Baloche (*pro hac vice forthcoming*)
>dbaloche@abetterchildhood.org
>Laura Welikson (*pro hac vice forthcoming*)
>lwelikson@abetterchildhood.org
>Robyn Goldberg (*pro hac vice forthcoming*)
>rgoldberg@abetterchildhood.org
>**A BETTER CHILDHOOD**
>355 Lexington Avenue, Floor 16
>New York, NY 10017
>Telephone: (646) 795-4456
>Facsimile: (212) 692-0415
>
>*Attorneys for Plaintiffs*