IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil No. 3:24-cv-00783

| | |
|---|---|
| Jameson C., minor, by next friend STEVEN BOLCH *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA STEIN,[1] in his official capacity as the Governor of North Carolina *et al.*,<br><br>Defendants. | **DHHS DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Local Rule of Civil Procedure 7.1(j), counsel for the DHHS Defendants[2] submit the following pertinent and significant authority in support of the DHHS Defendants' Motion to Dismiss filed on December 6, 2024, ECF Nos. 56, 57.

Last week, the United States Supreme Court issued a decision in *Medina v. Planned Parenthood South Atlantic et al.*, holding that a provision of the Medicaid Act is not privately

---

[1] Pursuant to Fed. R. Civ. P. 25(d), a public officer's successor "is automatically substituted as a party" when "a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending." The following public officers were named in this litigation and have since been succeeded: Defendant Governor ROY COOPER was succeeded by JOSHUA STEIN as Governor of North Carolina; Defendant KODY KINSLEY was succeeded by DR. DEVDUTTA SANGVAI as Secretary of the North Carolina Department of Health and Human Services (DHHS); Defendant SUSAN OSBORN was succeeded by MICHAEL LEIGHS as Deputy Secretary for Opportunity & Well-Being of DHHS.

[2] "DHHS Defendants" refer to Defendants DHHS, Dr. Devdutta Sangvai in his official capacity as Secretary of DHHS, Michael Leighs in his official capacity as Deputy Secretary for Opportunity & Well-Being of DHHS, and Mark Payne in his official capacity Director of the Division of Health Service Regulation.

1

enforceable under 42 U.S.C. § 1983, and discussing the test for finding an enforceable individual right. --- S. Ct. ----, No. 23-1275, 2025 WL 1758505 at *2, 14 (June 26, 2025) (cleaned up). The Court notes that the "only reliable yardstick against which to measure whether spending-power legislation confers a private enforceable right" is the statute the Court considered in *Hospital Corporation of Marion Cty. v. Talevski*, 599 U.S. 166 (2023), which "'expressly' employed . . . clear and unambiguous 'rights-creating language.'" *Id.* at *9, *10 (quoting *Talevski*, 599 U.S. at 184, 186).

The *Medina* decision is relevant to the DHHS Defendants' argument that Plaintiffs' third claim should be dismissed. *See* Defs' Mem. in Supp. Mot. to Dismiss, Sec. II(C), ECF 57, at 20–22. Defendants have attached a copy of the Supreme Court's decision in *Medina* hereto.

Respectfully submitted on this 3rd day of July, 2025.

/s/ Lisa Bradley
Lisa Bradley
Special Deputy Attorney General
Section Head of Public Health and Child Welfare
NC Department of Justice
P.O. Box 629, Raleigh, NC 27602
Phone: (919) 716-6856
lbradley@ncdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Lisa Bradley, hereby certify that I caused a true and correct copy of the foregoing Notice of Supplemental Authority to be filed through the CM/ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing.

Respectfully submitted this 3rd day of July, 2025.

/s/ Lisa Bradley
Lisa Bradley
Special Deputy Attorney General

*Counsel for Defendants*