IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:24-cv-00783

| | |
|---|---|
| Jameson C., minor, by next friend STEVEN BOLCH *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA STEIN, in his official capacity as the Governor of North Carolina *et al.*, <br><br> Defendants. | **DHHS DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Local Rule of Civil Procedure 7.1(j), the DHHS Defendants[1] adopt the Notice of Supplemental Authority filed by Defendant Governor Stein, ECF 140, to the extent it supports DHHS Defendants' Motion to Dismiss filed on December 6, 2024, ECF Nos. 56, 57.

The Fourth Circuit recently decided *Sheppheard v. Morrisey*, 143 F.4th 232 (4th Cir. 2025), a class action challenging state prison conditions and seeking prospective injunctive relief. The court held that plaintiffs lacked standing to sue the Secretary of the department overseeing the corrections function. *First*, plaintiffs' injuries were "not traceable" to the Secretary's actions, despite the Secretary's "general duty to 'provide support, oversight, and guidance'" to the Corrections division charged with "'carr[ying] out the day-to-day operations'" of the prisons. *See Id.* at 244. *Second*, plaintiffs could not show that their injuries were redressable since the Secretary

---

[1] "DHHS Defendants" refer to Defendants DHHS, Dr. Devdutta Sangvai in his official capacity as Secretary of DHHS, Michael Leighs in his official capacity as Deputy Secretary for Opportunity & Well-Being, and Mark Payne in his official capacity Director of the Division of Health Service Regulation.

1

could neither provide appropriations (which "requires legislative approval") or enact policies at prison facilities. *Id.* The court noted it was "'powerless to provide'" the relief requested and could not "intervene in policy making and budget allocations." *Id.* at 248–49.

The *Sheppheard* decision is relevant to DHHS Defendants' argument that claims against the DHHS Defendants should be dismissed because Plaintiffs lack standing. *See* Defs' Mem. in Supp. Mot. to Dismiss, Sec. I(C), ECF 57, at 7–11.

Respectfully submitted on this 27th day of August, 2025.

> JEFF JACKSON
> ATTORNEY GENERAL
>
> /s/ Katherine McCraw
> Katherine McCraw
> Special Deputy Attorney General
> Public Assistance Section
> N.C. State Bar No. 15974
> NC Department of Justice
> P.O. Box 629
> 114 West Edenton Street
> Raleigh, NC 27602
> 919-716-6577
> kmccraw@ncdoj.gov
>
> /s/ Michael Wood
> Michael Wood
> Special Deputy Attorney General
> N.C. State Bar No. 32427
> N.C. Department of Justice
> P.O. Box 629
> 114 West Edenton Street
> Raleigh, NC 27602
> 919-716-0186
> mwood@ncdoj.gov
>
> *Counsel for DHHS Defendants*

## CERTIFICATE OF SERVICE

I, Katherine McCraw, hereby certify that I caused a true and correct copy of the foregoing Notice of Supplemental Authority to be filed through the CM/ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing.

Respectfully submitted this 27th day of August, 2025.

/s/ Katherine McCraw
Katherine McCraw
Special Deputy Attorney General
NC Department of Justice

*Counsel for DHHS Defendants*