# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-00783-FDW-DCK

| | |
|---|---|
| STEVEN BOLCH, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER** |
| | )<br>) |
| JOSH STEIN, et al.,[1] | )<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendants Mecklenburg County and Mecklenburg County Department of Social Services-Youth and Family Services's Motion to Dismiss, (Doc. No. 46), Defendants Gaston County and Gaston County Department of Social Services's Motion to Dismiss, (Doc. No. 51), Defendant Josh Stein's Motion to Dismiss, (Doc. No. 54), Defendants North Carolina Department of Health and Human Services, Kody Kinsley, Susan Osborn, and Mark Payne's Motion to Dismiss, (Doc. No. 56), Defendants Johnston County and Johnston County Department of Social Services's Motion to Dismiss, (Doc. No. 103), Defendants Davidson County and Davidson County Department of Social Services's Motion to Dismiss, (Doc. No. 105), Defendants Harnett County and Harnett County's Department of Social Services's Motion to Dismiss, (Doc. No. 110), Defendants Rockingham County and Rockingham County Department of Social Service's Motion to Dismiss, (Doc. No. 113), and Defendants Randolph County and Randolph County Department of Social Services's Motion to Dismiss, (Doc. No. 115). These matters have been fully briefed and are ripe for ruling. For the reasons set forth below, all the pending Motions to Dismiss are granted.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes the successors of named Defendants.

# I. BACKGROUND

On November 22, 2024, Plaintiffs[2] J.C., by next friend Steven Bolch, S.M., L.M., and H.M., by next friend Kari Danforth, M.S. and C.S., by next friend Daria Barazandeh, A.W., J.B., M.G., by next friend Veronika Monteleone, S.T., by next friend Anne Richey, A.J., by next friend Kayla Dewald, A.B., by next friend Kimberly Crothers, and R.S., by next friend Jackson Albert (collectively "**Plaintiffs**") filed their Amended Complaint. (Doc. No. 37.) Plaintiffs allege "North Carolina's foster care system has been operating in a state of crisis for years" and "Defendants' ongoing failures place foster children at significant risk of serious harm in violation of their rights under federal law and the U.S. Constitution." (Id. at 2–3.) Plaintiffs request several forms of relief, including that this Court "[a]ssert jurisdiction over this action[.]" (Id. at 92.)

"The named plaintiffs . . . are children in foster care in North Carolina." (Id. at 4.) Steven Bolch "fostered [J.C.] for 18 months . . . [and] has acquainted himself with the allegations in the Complaint regarding [J.C.'s] experience in foster care and is dedicated to his best interests." (Id. at 5.) Daria Barazandeh has "spent over a decade as a foster parent, adoptive parent, and foster parent advocate," she "is familiar with North Carolina's foster care system[, and] has acquainted herself with the allegations in the Complaint regarding [M.S. and C.S.'s] experience in foster care and is dedicated to their best interests." (Id. at 9.) Veronika Monteleone "is a public defender based in Charlotte, NC [who] is familiar with North Carolina's foster care system [and] has acquainted herself with the allegations in the Complaint regarding [A.W.'s, J.B.'s, and M.G.'s] experience in foster care and is dedicated to [their] best interests." (Id. at 12–14, 17.) Kari Danforth "adopted one child from out of state and fostered ten children in North Carolina[, s]he was selected as 'Foster

---

[2] The Court notes Plaintiffs explain "the first names of the Plaintiff children and any other minors mentioned by name in this Complaint are pseudonyms. The first letters of the pseudonyms and the last name initials are the same as their real names." (Doc. No. 37, p. 1 n.1.) In this Order, the Court will use the initials of the pseudonyms to refer to the minors.

Parent of the Year' by Children's Home Society[, she] is very familiar with North Carolina's foster care system[, and s]he has acquainted herself with the allegations in the Complaint regarding [S.M., L.M., and H.M.'s] experiences in foster care and is dedicated to their best interests." (Id. at 22.) "Anne Richey is a registered nurse and licensed foster parent[, she] fostered [S.T.] from September 2023 to March 2024[, and she] has acquainted herself with the allegations in the Complaint regarding [S.T.'s] experience in foster care and is dedicated to her best interests." (Id. at 27.) Kayla DeWald "was a foster parent for two years before she terminated her license[, s]he fostered 12 children of all ages through Davidson County and she adopted two children[, she] served as a respite placement for [A.J., and she] has acquainted herself with the allegations in the Complaint regarding [A.J.'s] experience in foster care and is dedicated to her best interests." (Id. at 31.) Jackson Albert "is an undergraduate student at the University of North Carolina Chapel Hill[, h]e grew close to [R.S.] while she was placed in his parents' home, [] he considers himself [R.S.'s] older brother[, and he] has acquainted himself with the allegations in the Complaint regarding [R.S.'s] experience in foster care and is dedicated to her best interests." (Id. at 34.) Kimberly Crothers was a foster child and "has acquainted herself with the allegations in the Complaint regarding [A.B.'s] experience in foster care and is dedicated to her best interests." (Id. at 38.)

Defendants Josh Stein, North Carolina Department of Health and Human Services, Kody Kinsley, Susan Osborn, Mark Payne, Mecklenburg County, Mecklenburg County Department of Social Services-Youth and Family Services, Gaston County, Gaston County Department of Social Services, Davidson County, Davidson County Department of Social Services, Harnett County, Harnett County Department of Social Services, Randolph County, Randolph County Department of Social Services, Rockingham County, Rockingham County Department of Social Services,

Johnston County, and Johnston County Department of Social Services (collectively "**Defendants**") all filed Motions to Dismiss Plaintiff's Amended Complaint. Defendants all move under Federal Rule of Civil Procedure 12(b)(1), arguing the next friends cannot bring suit on behalf of minor Plaintiffs.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) questions whether the plaintiff "has a right to be in the district court at all and whether the court has the power to hear and dispose of [the plaintiff's] claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). A motion to dismiss under Rule 12(b)(6) requires a court to decide whether the plaintiff "has stated a cognizable claim." Id.

Federal district courts exercise limited jurisdiction and "possesses only the jurisdiction authorized . . . by the United States Constitution and by federal statute." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). If a minor does not have a designated representative or general guardian, claims may be brought through a "next friend" or "guardian ad litem." Fed. R. Civ. P. 17(c)(2). "A next friend is defined as one who 'appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff [and] is not a party to the lawsuit and is not appointed as a guardian.'" Edmonds v. Clarke, No. 1:14cv698 (LO/TCB), 2014 WL 11515545, at *2 (E.D. Va. Dec. 16, 2014) (citing Black's Law Dictionary (8th ed. 2004)). Next friend standing "has long been an accepted basis for jurisdiction in certain circumstances[,]" often invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). Also, minors who are in state custody, for example children in foster care, may access federal courts

through next friend standing. See Jonathan R. v. Justice, 688 F. Supp. 3d 355, 361 n.5 (S.D. W.Va. 2023).

Next friend standing is not without limit, because "if there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'" Whitmore, 495 U.S. at 164. The Fourth Circuit requires "a would-be next friend to have a *significant* relationship with the real party in interest." Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002) (emphasis added). If courts "were to grant a supposed next friend access to federal court in the absence of such a relationship, [courts] would be opening the floodgates of federal litigation to the very 'intruders or uninvited meddlers, styling themselves next friends[.]'" Id. at 605 (citing Whitmore, 495 U.S. at 164). For example, if a next friend does not have a relationship or has not communicated with the real party in interest, courts may find the requisites for next friend standing are not met. Id. at 601. The Fourth Circuit's requirement[3] that a next friend have a significant relationship with the real party in interest discourages "those with strong views to seek in federal court what they could not otherwise obtain – namely, the vindication of objectives better suited to political than judicial resolution." Hamdi, 294 F.3d at 606.

In Hamdi, the Fourth Circuit found it "need not decide just how significant the relationship between the would-be next friend and the real party in interest must be in order to satisfy the

---

[3] The Court notes some circuits have departed from the Fourth Circuit and adopted a more flexible standard regarding next friend standing. For example, the D.C. Circuit determined while there "ordinarily [must] be a significant relationship between the proposed next friend and minor, . . . . that requirement may not rigidly apply when a minor has no significant relationships." Muthana v. Pompeo, 985 F.3d 893, 902 (D.C. Cir. 2021). The Ninth Circuit held a significant relationship is not required when the real parties lack a "relative" or "friend" who can "act on their behalf." Coal of Clergy, Laws., & Professors v. Bush, 310 F.3d 1153, 1162 (9th Cir. 2002). The First Circuit "believe[s] that because [] foster care children lack significant ties with their parents and have been placed under the state's legal custody and guardianship, a significant relationship need not be required as a prerequisite to Next Friend status." Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 91 (1st Cir. 2010).

requirements for next friend standing." Id. at 604. Ultimately, district courts have the discretion to determine whether next friend standing is appropriate. See Evans v. Bennett, 440 U.S. 1301, 1304 (1979); Dev. Disabilities Advoc. Ctr., Inc. v. Melton, 689 F.2d 281, 285 (1st Cir. 1982) (explaining the ultimate "decision as to whether or not to appoint [a next friend] rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of its authority.").

The issue of next friend standing "is jurisdictional and thus fundamental." Hamdi, 294 F.3d at 607. Because "[a] federal court is powerless to create its own jurisdiction," Whitmore, 495 U.S. at 155–56, courts cannot hear cases when there is no next friend standing, Hamdi, 294 F.3d at 607. Accordingly, when a next friend lacks the requisite significant relationship with the real party in interest, courts should dismiss the case for lack of subject-matter jurisdiction. Id. A dismissal for lack of subject-matter jurisdiction should be without prejudice. E.g., S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

### III. ANALYSIS

Plaintiffs are minors who appear through their next friends. (Doc. No. 37.) Plaintiffs challenge the practices of North Carolina's foster care system. (Id. at 2–92.) Plaintiffs seek several forms of relief, including requesting that this Court "[a]ssert jurisdiction over this action[.]" (Id. at 92.) Defendants all seek dismissal of Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because the next friends cannot bring suit on their behalf. (Doc. Nos. 46–47, 51–52, 54–57, 103–06, 110–11, 113–16.)

Here, the Court agrees with Defendants and the Court finds the next friends fail to satisfy the significant relationship prerequisite for next friend standing. To start, none of the next friends are current foster parents of the minor Plaintiffs. (Doc. No. 37.) In fact, it is unclear whether Daria Barazandeh, Veronika Monteleone, Kari Danforth, and Kimberly Crothers have met or

6

Case 3:24-cv-00783-FDW-DCK    Document 145    Filed 09/25/25    Page 6 of 9

communicated with the minor Plaintiffs they appear as next friends for. (Id.) Although Plaintiffs conclusory allege all the next friends acquainted themselves with the allegations regarding the minor Plaintiffs they appear as next friends for and that all the next friends are dedicated to the minor Plaintiffs' best interests, that is not enough for the significant relationship requirement.

The closest calls are Steven Bolch, Anne Richey, and Jackson Albert. According to the Amended Complaint, all three have met and either fostered or were members of the foster family of the minor Plaintiffs they appear as next friends for, respectively J.C., S.T., and R.S. (Id. at 5, 27, 34.) But, the minor Plaintiffs do not still reside with Steven Bolch, Anne Richey, and Jackson Albert. (Id.) Also, the Amended Complaint does not elaborate on their present-day relationships. (Id.) Notably, the Court notes at least some of the minor children appear to have significant relationships with adults who are not named next friends in this case. For example, it appears S.M., L.M., and H.M., who appear through their next friend Kari Danforth, who is seemingly a stranger, have grandparents who are involved in their lives.[4] (Id. at 22–23.)

Considering Fourth Circuit precedent, the Court finds it lacks subject-matter jurisdiction to hear this case. The Court has great sympathy for the minor Plaintiffs and was truly troubled by the allegations in the Amended Complaint. However, it does not appear the next friends have the requisite significant relationships required for next friend standing. While the Fourth Circuit and United States Supreme Court may expand next friend standing to eliminate or modify the significant relationship requirement, it is not this Court's place to do so. "When the Fourth Circuit issues a decision, it 'becomes the law of the circuit and is binding on other panels [and district courts within the circuit] unless it is overruled by a subsequent en banc opinion . . . or a superseding

---

[4] Although this issue is not before the Court, if S.M., L.M., and H.M. appeared through one of their grandparents as next friends, that might change the significant relationship analysis.

contrary decision of the Supreme Court.'" Hogans v. Charter Commc'ns., Inc., 563 F. Supp. 3d 464, 482 (E.D.N.C. 2021) (citing United States v. Dodge, 963 F.3d 379, 383 (4th Cir. 2020)).

Additionally, the Court is mindful of the Fourth Circuit's warning that the significant relationship requirement discourages "those with strong views to seek in federal court what they could not otherwise obtain – namely, the vindication of objectives better suited to political than judicial resolution." Hamdi, 294 F.3d at 606. While the next friends seem knowledgeable about the foster care system and motivated to improve it, this further lends support to finding the significant relationship requirement for next friend standing is not met here.

## IV. CONCLUSION

The Court finds the next friends, who the minor Plaintiffs appear by, have not shown they have the requisite significant relationship for next friend standing. Therefore, the Court finds it lacks subject-matter jurisdiction to hear this case. Since the Court dismisses Plaintiff's Amended Complaint under Rule 12(b)(1), the Court does not address Defendants' other arguments in their Motions to Dismiss.

**IT IS THEREFORE ORDERED** that:

1. Defendants Mecklenburg County and Mecklenburg County Department of Social Services-Youth and Family Service's Motion to Dismiss, (Doc. No. 46), is **GRANTED**.

2. Defendants Mecklenburg County and Mecklenburg County Department of Social Services-Youth and Family Service's Motion for a Preliminary Hearing, (Doc. No. 48), is **DENIED as MOOT**.

3. Defendants Gaston County and Gaston County Department of Social Services's Motion to Dismiss, (Doc. No. 51), is **GRANTED**.

4. Defendant Josh Stein's Motion to Dismiss, (Doc. No. 54), is **GRANTED**.

5. Defendants North Carolina Department of Health and Human Services, Kody Kinsely, Susan Osborn, and Mark Payne's Motion to Dismiss, (Doc. No. 56), is **GRANTED**.

6. Defendants North Carolina Department of Health and Human Services, Kody Kinsley, Susan Osborn, and Mark Payne's Motion for a Hearing, (Doc. No. 58), is **DENIED as MOOT**.

7. Defendant Josh Stein's Motion for a Hearing, (Doc. No. 59), is **DENIED as MOOT**.

8. Defendants Johnston County and Johnston County Department of Social Services's Motion to Dismiss, (Doc. No. 103), is **GRANTED**.

9. Defendants Davidson County and Davidson County Department of Social Services's Motion to Dismiss, (Doc. No. 105), is **GRANTED**.

10. Defendants Harnett County and Harnett County Department of Social Services's Motion to Dismiss, (Doc. No. 110), is **GRANTED**.

11. Defendants Rockingham County and Rockingham County Department of Social Services's Motion to Dismiss, (Doc. No. 113), is **GRANTED**.

12. Defendants Randolph County and Randolph County Department of Social Services's Motion to Dismiss, (Doc. No. 115), is **GRANTED**.

13. Plaintiffs' Amended Complaint is **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

Signed: September 25, 2025

Frank D. Whitney
Senior United States District Judge

9

Case 3:24-cv-00783-FDW-DCK   Document 145   Filed 09/25/25   Page 9 of 9