UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00783-MEO-DCK

| | | |
|---|---|---|
| STEVEN BOLCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM & ORDER** |
| | ) | |
| JOSH STEIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration Pursuant to Rule 59(e). (Doc. No. 147). For the reasons explained below, Plaintiffs' motion is **DENIED**.

## I.    BACKGROUND

This lawsuit challenges the practices of North Carolina's foster care system. (Doc. No. 37 ¶¶ 1–3). Plaintiffs filed an amended class action complaint on November 22, 2024.[1] *See generally* (Doc. No. 37).  Plaintiffs are thirteen minors, and at the time of the filing of the amended complaint, Plaintiffs were represented by eight "next friends": J.C.[2] by next friend Steven Bolch; S.M., L.M., and H.M. by next friend Kari Danforth; M.S. and C.S. by next friend Daria Barazandeh; A.W., J.B., and M.G. by next friend Veronika Monteleone; S.T. by next friend Anne Richey; A.J. by next friend Kayla DeWald; A.B. by next friend Kimberly Crothers; and R.S. by next friend

---

[1] Plaintiffs filed their initial class action complaint on August 27, 2024. (Doc. No. 1).

[2] The Court will use the initials of the pseudonyms in Plaintiffs' Amended Complaint to refer to the minors. (Doc. No. 37 ¶ 7).

Jackson Albert. *Id.* ¶¶ 11, 28, 42, 50, 70, 97, 121, 144, 162, 187. Plaintiffs sued numerous Defendants: Josh Stein in his official capacity as Governor of North Carolina, North Carolina Department of Health and Human Services ("DHHS"), Kody Kinsley in his official capacity as Director of DHHS, Susan Osborne in her official capacity as Assistant Secretary for County Operations of the Division of Social Services ("DSS"), Mark Payne in his official capacity as the Director of the Division of Health Service Regulation ("DHSR"), Mecklenburg County, Mecklenburg County Department of Social Services-Youth and Family Services, Gaston County, Gaston County DHHS, Davidson County, Davidson County DSS, Harnett County, Harnett County DSS, Randolph County, Randolph County DSS, Rockingham County, Rockingham County DSS, Johnston County, and Johnston County DSS. *Id.* ¶¶ 199–217. Plaintiffs allege "Defendants' ongoing failures place foster children at significant risk of serious harm" and assert six causes of action arising under the First, Ninth, and Fourteenth Amendments to the United States Constitution; the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §12132, the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. § 1983; and North Carolina Social Services Law and regulations, including "[t]he entitlements arising from 10A NCAC 70G.0501." (Doc. No. 37 ¶¶ 3, 320–413). Plaintiffs allege the general class "consists of at least 11,000 children who are in the legal and/or physical custody of DSS under the supervision of DHHS and/or with whom DHHS has a special relationship." *Id.* ¶ 220.

All Defendants filed motions to dismiss Plaintiffs' Amended Complaint under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] (Doc. Nos. 46, 51, 54, 56, 103, 105, 110, 113, 115). On September 25, 2025, the Court granted the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, finding that "the next friends fail[ed] to satisfy the significant relationship prerequisite for next friend standing." (Doc. No. 145 at 6, 8). The Court dismissed Plaintiffs' Amended Complaint without prejudice. *Id.* at 9. The Court referenced Federal Rule of Civil Procedure 17(c)(2) in its Order[4] but did not appoint a guardian ad litem for the minor children. *See generally id.*

Plaintiffs filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) on October 13, 2025. (Doc. No. 147). On December 23, 2025, while the motion remained pending, the case was reassigned to the undersigned.

## II.  LEGAL STANDARD

"Rule 59(e) governs requests to 'alter or amend a judgment,' which is defined by Rule 54(a) as 'a decree and any order from which an appeal lies.'" *Hopper v. CarMax Auto Superstores, Inc.*, No. CV 3:24-MC-00110-KDB-SCR, 2024 WL 4716009, at *1 (W.D.N.C. Nov. 7, 2024) (quoting Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 4(a)). "Rule 59(e) is . . . applicable only to a final judgment, which of course includes an order dismissing an action." *Id.* (citation modified). "A Rule 59(e) motion to alter

---

[3] A few Defendants also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. Nos. 54, 103).

[4] The Court stated the following in its Order regarding Federal Rule of Civil Procedure 17(c)(2): "If a minor does not have designated representative or general guardian, claims may be brought through a 'next friend' or 'guardian ad litem.'" (Doc. No. 145 at 4) (quoting Fed. R. Civ. P. 17(c)(2)).

or amend may only be granted: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Anderson v. McMillian*, No. 5:24-CV-81-KDB, 2024 WL 2807926, at *1 (W.D.N.C. May 31, 2024) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)). "To meet this threshold, a decision must 'strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Squire v. Identity, Inc.*, No. 21-2410, 2022 WL 17038958, at *2 (4th Cir. Nov. 17, 2022) (unpublished) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Additionally, "mere disagreement" with a district court's ruling "does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[T]he Fourth Circuit has noted that granting such a motion under Rule 59(e) 'is an extraordinary remedy which should be used sparingly.'" *Hopper*, 2024 WL 4716009, at *1 (quoting *Pac. Ins. Co.*, 148 F.3d at 402–03).

## III.  DISCUSSION

Plaintiffs ask the Court to alter or amend the Court's September 25, 2025 Order dismissing the Amended Complaint for lack of subject-matter jurisdiction, which the Court dismissed based on lack of next friend standing. (Doc. No. 147 at 1).

4

Plaintiffs argue the Court's conclusion was based on "a narrow and limited interpretation" of *Hamdi v. Rumsfeld*, 294 F.3d 598 (4th Cir. 2002), because Plaintiffs' case is an example of the hypothetical "different case" referenced in *Hamdi* where the party in interest "has no significant relationships." (Doc. No. 148 at 1); *Hamdi*, 294 F.3d at 606. Plaintiffs therefore request this Court reconsider the analysis in the Order of dismissal. (Doc. No. 148 at 1, 3). Plaintiffs also argue "[t]he Court's dismissal of the Amended Complaint without appointing a representative or issuing another appropriate order to protect the minor Plaintiffs' interests" pursuant to Federal Rule of Civil Procedure 17(c)(2)[5] "results in manifest injustice." (Doc. No. 148 at 2).

In *Hamdi v. Rumsfeld*, a federal public defender and private citizen filed petitions for a writ of habeas corpus as "next friend" of the defendant, who was captured and detained as an alleged enemy combatant during ongoing United States military operations. 294 F.3d at 600–01. The district court concluded that the case was properly filed by the public defender as next friend. *Id.* at 601. The Fourth Circuit reversed the order of the district court and remanded with directions that the defendant's cases be dismissed for lack of subject-matter jurisdiction. *Id.* at 607. In

---

[5] Federal Rule of Civil Procedure 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative[5] may sue by a next friend or by a guardian ad litem. *The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.*

Fed. R. Civ. P. 17(c)(2) (emphasis added).

arriving at its holding, the Court found that in order to have standing, a next friend must have a significant relationship with the real party in interest. *Id.* at 604. The Court noted in dicta that the Court did "not have . . . the situation of someone who has no significant relationships" and that "[i]f [the Court] did, this might be a different case." *Id.* at 606.

Turning to Plaintiffs' first argument, this Court concludes that the Court did not clearly err in its application of *Hamdi*.  Plaintiffs magnify the Fourth Circuit's "different case" language in their motion, equate the dicta to a holding, and attempt to reargue this point already asserted in Plaintiffs' opposition to defendants' motions to dismiss. (Doc. Nos. 148 at 5; 121 at 3). This Court cannot find a clear error of law based on—as the Plaintiffs point out—a mere "forecast" from the Fourth Circuit that it might rule differently in a future case with facts different from *Hamdi*.  (Doc. No. 147 at 1).

As *Hamdi* notes, "[a] federal court is powerless to create its own jurisdiction." *Hamdi*, 294 F.3d at 607 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155–56 (1990)). Because this Court does not find a clear error of law relating to the Court's Order of dismissal, the Court's Order stands, and this Court lacks subject-matter jurisdiction under *Hamdi*. *Hamdi*, 294 F.3d at 607. This Court therefore cannot take further action relating to Plaintiffs' second argument that the Court's dismissal without following Rule 17(c)(2)'s demands results in manifest injustice. The Court is mindful that the text of Rule 17(c)(2) appears to require that the Court appoint a guardian ad litem or issue another appropriate order to protect an unrepresented minor in a

6

situation such as this one. However, *Hamdi* makes clear that, "[t]he question of next friend standing is not merely 'technical,' . . . . Rather, it is jurisdictional and thus fundamental." *Id.* at 607 (quoting *Whitmore*, 495 U.S. at 161).[6] This Court, therefore, lacks jurisdiction to consider this or any other issue in the case, including appointing a guardian ad litem.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. No. 147) is **DENIED**.

**SO ORDERED.**

Signed: April 20, 2026

Matthew E. Orso
United States District Judge

---

[6] *But see T.W. by Enk v. Brophy*, 124 F.3d 893, 896 (7th Cir. 1997) (Posner, J.). As that court explained standing and jurisdiction in the "next friend" context: "Since the constitutional rights of these children may have been infringed by the conduct of the defendants, the suit satisfies the standing requirement in Article III of the Constitution. The question who shall represent the children because of their incapacity to sue on their own is not a separate issue of standing. Even allowing a complete stranger to bring suit in their name as their next friend because they cannot sue on their own behalf would not violate Article III. But it might well offend the policy behind the requirement of standing, which is to confine the right to initiate and control federal court litigation to persons who have a concrete stake, rather than merely an ideological interest—passionate and motivating as such interests can be— in the litigation." *Id.* (citations omitted).

7